No. 92-099

IN THE SUPREME COURT OF THE STATE OF MONTANA

1992

STATE OF MONTANA,

       Plaintiff and Respondent,

-vs-

DONALD GINGRAS,

       Defendant and Appellant.

APPEAL FROM:    District Court of the Eleventh Judicial District,
In and for the County of Flathead,
The Honorable Leif B. Erickson, Judge presiding.

COUNSEL OF RECORD:

       For Appellant:

       Don Vernay, Attorney at Law, Kalispell, Montana

       For Respondent:

       Hon. Marc Racicot, Attorney General, Helena, Montana
Kathy Seeley, Assistant Attorney General, Helena, Montana
Ted O. Lympus, County Attorney, Kalispell, Montana
Ed Corrigan, Deputy County Attorney, Kalispell, Montana

FILED

JUN 3 0 1992

Filed:

*Ed Smith*

CLERK OF SUPREME COURT
STATE OF MONTANA

/Clerk

Submitted on Briefs:  May 28, 1992

Decided:  June 30, 1992

Justice Fred J. Weber delivered the Opinion of the Court.

A jury in the Eleventh Judicial District Court, Flathead County, found the defendant Donald Gingras, guilty of attempted deliberate homicide, a felony. The defendant appeals. We affirm.

The sole issue presented for appeal is whether the District Court erred in instructing the jury not to consider the issue of self defense until after it found the elements of deliberate homicide.

The defendant was charged with attempted deliberate homicide in connection with the stabbing of Forest Love during a fracas at the Stockman's Bar in Kalispell, Montana. The defendant raised the defense of justifiable use of force.

The District Court's instruction number 16 on justifiable use of force was presented to the jury as follows:

> The defendant has pleaded justification in the use of force in this case. As such he has the burden of producing sufficient evidence of justification in the use of force to raise a reasonable doubt of his guilt. You are to consider the following requirement of the law in determining whether the use of force claimed by the defendant was justified.
> 1) Defendant must not be the aggressor;
> 2) The danger of harm to the defendant must be a present one, not merely threatened at a future time, or without the present ability of carrying out a threat;
> 3) The force threatened against the defendant must be unlawful;
> 4) The defendant must actually believe that the danger exists, that is, use of force by him is necessary to avert the danger and that the kind and amount of force which defendant uses is necessary;
> 5) Defendant's belief, in each of the aspects described, is reasonable even if it is mistaken.
> You are further advised that even if you determine the use of force by the defendant was not justified, the

2

state still has the duty to prove each of the elements of the crime charged beyond a reasonable doubt.

During deliberations, the jury requested clarification on the burden of proof required by each party. The jury's question and the court's response are set out below.

**The jury asked:**
To convict the defendant of attempted deliberate homicide does the defendant need to prove it was self defense or do we need only to consider if the State proved beyond a reasonable doubt that the purpose of the act was attempted deliberate homicide?

**The District Court responded:**
The burden of proof is on the State to prove the elements of the crime of attempted deliberate homicide. If you find that the State has met this burden, then you should consider the defense raised by the defendant of justifiable use of force, as set forth in instruction #16.

The defendant contends this is an improper instruction. We disagree. This is an accurate statement of Montana law regarding the affirmative defense of justifiable use of force. State v. Daniels (1984), 210 Mont. 1, 16, 682 P.2d 173, 181.

We hold the District Court properly instructed the jury.

Affirmed.

Pursuant to Section I, Paragraph 3(c), Montana Supreme Court 1988 Internal Operating Rules, this decision shall not be cited as precedent and shall be published by its filing as a public document with the Clerk of this Court and by a report of its result to the West Publishing Company.

Justice

We Concur:

Chief Justice

3

Justices

4

June 30, 1992

## CERTIFICATE OF SERVICE

I hereby certify that the following order was sent by United States mail, prepaid, to the following named:

DON VERNAY
Attorney at Law
343 First Ave. West
Kalispell, MT 59901

HON. MARC RACICOT, Attorney General
, Assistant
Justice Bldg.
Helena, MT 569620

TED O. LYMPUS, County Attorney
Ed Corrigan, Deputy
P.O. Box 1516
Kalispell, MT 59903-1516

ED SMITH
CLERK OF THE SUPREME COURT
STATE OF MONTANA

BY: _____
    Deputy